IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS U.G., <br><br>     Petitioner, <br><br>   vs. <br><br> WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, <br><br>     Respondent. | Civil No. 1:26-cv-03209-MWJS <br><br> ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 245-593-717 |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Carlos U.G.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.

After Petitioner entered the United States in December 2023, he was detained by immigration authorities, issued a Notice to Appear, and released on his own recognizance.  In so releasing him, immigration authorities implicitly found that he was neither a flight risk nor a danger to the community.  And in the years since, he applied for and received work authorization and has become a caretaker for his life partner, who suffers from a debilitating health condition.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

But he has also had a run-in with law enforcement:  on November 1, 2025, Petitioner was arrested by local police and charged for several violations of Utah state law, including driving under the influence and possession of a controlled substance. The circumstances of these charges are unclear:  the record does not, for example, clarify what drug was allegedly involved, in what alleged quantity, and whether Petitioner was alleged merely to be present in an area where drugs were found or whether he instead was alleged to be in more direct possession of them.  The disposition of these charges is similarly unclear:  Petitioner's record reflects only a single conviction, dated November 6, 2025 (and possibly arising out of the same arrest), for the traffic offense of "no proof of insurance."  Dkt. No. 9-3, at pg.5.  And it appears that the November 1 arrest represents Petitioner's only known encounter with law enforcement.

Despite these ambiguities, on November 3, 2025, two days after his arrest, Petitioner was "encountered at the Salt Lake County Metro Jail" by Immigration and Customs Enforcement (ICE).  Dkt. No. 9-1, at pg. 2.  Petitioner has remained in immigration custody ever since and has been afforded no post-deprivation process to test either whether it was appropriate for the government to deny him pre-deprivation process (that is, whether the circumstances in early November 2025 created any real urgency for ICE to arrest him without first providing pre-deprivation process) or whether any circumstances have materially changed from when the government previously found that he was neither a flight risk nor a danger to the community.

2

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without due process, violated his constitutional rights.  After appointed counsel moved for a Temporary Restraining Order in this case, Dkt. No. 7, the court informed the parties of its intention to rule directly on the Petition and ordered Respondents to show cause whether any factual or legal issues distinguished this case from cases such as *A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Sergio D.L.S. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); and *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025).  Dkt. No. 8.

In their opposition to the Motion for Temporary Restraining Order and Response to the Order to Show Cause, Respondents maintain that Petitioner's detention is lawful based on their interpretation of 8 U.S.C. § 1225(b), which they contend applies to Petitioner and requires his mandatory detention.  But this court and many others have rejected Respondents' argument that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See, e.g.*, *Vikrant S. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026); *John M.Z. v. Noem*, No. 1:26-cv-02925-MWJS, 2026 WL 1125790 (E.D. Cal. Apr. 23, 2026).

Given the foregoing, the court concludes that Petitioner's constitutional due process rights are being violated by his ongoing detention without a bond hearing

3

before an immigration judge to test whether any circumstances have materially changed from when the government released Petitioner on his own recognizance and implicitly found that he was neither a flight risk nor a danger to the community. Regarding the appropriate remedy, however, the court concludes that on the facts presented here, at this stage Petitioner should be granted a bond hearing rather than immediate release. *Accord Zenon A.C.F. v. Warden, California City Detention Center*, No. 1:26-CV-02961-MWJS, 2026 WL 1257064 (E.D. Cal. May 7, 2026); *Jayner E.V.S. v. Warden, California City Detention Center*, No. 1:26-CV-03554-MWJS, 2026 WL 1330817 (E.D. Cal. May 12, 2026).

Respondents are therefore ENJOINED AND RESTRAINED from continuing to detain petitioner unless they demonstrate, within seven days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Respondents shall file a status report within ten days of the date of this Order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. The petition is GRANTED to this extent. In all other respects, the petition is DENIED without prejudice to a future petition.

Given the partial grant of the petition, Petitioner's Motion for Temporary Restraining Order, Dkt. No. 7, is DENIED as moot. The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  May 18, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-03209-MWJS; *Carlos U.G. v. Warden of the California City Detention Center,* et al.; ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS